Tilghman C. J.
This is a rule to shew cause why the proceedings in the bail bond suit should not be set aside on certain conditions.
The writ in the original action issued 30th June, 1814. Special bail was entered the 3d May, 1815. On the 5th September, 1815, process issued on the bail bond, returnable to December Term, 1815, on the first day of which term, the present motion was made, viz. to stay proceedings on confessing judgment in the original action, and paying'the costs of this suit. If bail had been entered at the usual time, the plaintiffs would have had their trial at the Nisi Prius after March Term, 1815, and judgment at December Term, 1815. The case falls within the principle established by this Court in Priestman v. Keyser, 4 Binn. 344. Proceedings will be staid where the plaintiff has every advantage given him which he would have had, if special bail had been entered at the regular time. Indeed there is a circumstance in favour óf the bail here, which was wanting in Priestman’s case; special bail had been entered before the bail bond was sued.
Justice will be done, if the costs of this suit are paid and judgment in the original action entered as of December Term, 1815 ; from which time the plaintiff will be entitled to interest on his judgment.
Yeates J.
I know of no instance whatever, wherein a bail bond has been sued, after special bail has been entered in the original action. Where special bail has been entered *286 improperly, so as to affect the plaintiff’s legal rights, the regular method would seem to be to apply to the Court for ’ their order to expunge it.
If special bail had been entered on the return of the capias to July Term, 1814, the plaintiffs would be in no better situation than the defendant’s counsel offered to put them in by the confession of a judgment in the original suit in December Term, 1815. Earlier than this they could not have obtained judgment by the course of the Court. This brings the case within the rule laid down by this Court in Priestman’s assignee v. Keyser et al. 4 Binn. 344. Where the plaintiff has every advantage that he could have had by the regular entry of special bail, the Court will interpose and grant relief to the sheriff’s bail, on reasonable terms. Here the delay has arisen by the laches of the plaintiffs in not sueing out process on the bail bond'to December Term, 1814, as to which the several cases cited by the defendant’s counsel are applicable. I am therefore of opinion, that the proceedings on the bail bond be set aside, paying the costs of the bail bond suit, and entering judgment in the original action as of December Term, 1815.
Brackenridge J. being absent on account of indisposition, gave no opinion.
Rule made absolute.