The opinion of the Court was delivered by
Duncan J. —
-The writ, the declaration, and all the proceedings in this case, shew that it was not founded or conducted according to the directions of the Act'of 21st March 1806. The writ is in case, and not in debt. There is a regular declaration filed, and there is an interlocutory judgment, and not one for a definite sum. The damages are assessed by writ of inquiry. It is then to be considered as a proceeding under the Act of 20th March, 1724, regulating the practice on writs of summons and arrest, which provides, that if the defendant on the return day of the writ does not appear, but makes default, and the officer return on oath or affirmation, that on or before the return day of such writ he hath summoned the defendant, mentioning the day he did so, &c. on which return, if the defendant has been so served ten days, and the plaintiff has filed his declaration in the office of *504 tbe Prothonotary within the space of five days before the Court to which such writ is returnable, it shall be lawful for the plaintiff to file a common appearance' for the defendant so making default, and proceed to judgment and execution by nihil dicit. It has not been the practice, under the Act of Assembly, to enter an appearance for the defendant, and take judgment by nihil dicit, but to enter judgment by default. Nor has it been usual to file declarations before the return of the writ, but to.- take j udgment after the declaration is filed and the defendant has made default by not appearing. Here the declaration was filed two days before the return day of the writ. This certainly, under the practice, entitled the plaintiff to his judgment. Where there has been a practice for more than half a century, it would be unjust to return to the strict letter of the law, and say that all has .been error during that period. The only objection of any weight is, that it does not appear that the summons had been served ten days before the return day; but nothing is to be presumed against a judgment. When it was served does not appear on the return ; and it is usual to return the summons generally, “ Served,” without stating the time of service. If the plaintiff in erfor •had not been served ten days before the Court, the Court would set aside the judgment for irregularity ; but after a writ of inquiry executed, and judgment on that, and so long an acquiescence, it cannot be presumed that he had any ground of complaint on that head. It is sufficient here to say, that it does not appear but that the summons was issued ten days before the return day. Had it appeared by the record, that it had not been so served, the judgment would have been erroneous, according to the case of Fitzsimons v. Salomon, 2 Binn. 436. But on this record, there appears no such error. The, judgment is therefore affirmed.
Judgment affirmed.