# THE SUPREME COURT

·OF

# PENNSYLVANIA.

LANCASTER—MAY TERM, 1830.

Pen. & W.
1pw229
197  231

## NEIL CROSBY and PATRICK CROSBY, *against* LYDIA MASSEY and others.

When a judgment is irregularly entered against a defendant, by default of appearance, who being informed of it, neglects or refuses for two terms, and until after a writ of enquiry of damages is executed, to make an application to have the judgment set aside, it will not be reversed on a writ of error.

The time and manner of filing *narr*, of appearing, pleading and signing judgment, for want of plea, &c. are matters of practice regulated by rules of court: and any one complaining of irregularity therein, must apply for redress as soon as he knows of the injury.

ERROR to the Common Pleas of Schuylkill county.

This action was instituted by the entry of the following agreement between the parties.

*Lydia Massey* and others.
v.
*Neil Crosby* and *Patrick Crosby.*

} Amicable action in trespass on the case.

We, the defendants above named, hereby authorize and require the prothonotary of the court of Common Pleas' of Schuylkill county, to enter up the above stated amicable action of trespass on the case to July term, 1827, and we agree that the same proceedings be had thereon, as though we had been regularly summoned.

In witness whereof, we have hereunto set our hands, the fourteenth day of June, 1827.

*Neil Crosby,*
*Patrick Crosby,*

I agree to the entering up of the above amicable action on the terms above mentioned.

*Jno. Bannan,*
Att'y for Plaintiffs.

(Neil Crosby and Patrick Crosby, *v*. Lydia Massey and others.)

This agreement being entered on the record to July term, 1827, a declaration for use and occupation of a saw-mill, was filed on the 28th, September, 1827, and, on the same day, a judgment by default of appearance, was signed by the plaintiff. On the 26th February, 1828, a writ of inquiry of damages was issued, by which the damages were assessed at three hundred and twenty-five dollars. On the 31st March, 1828, Mr. *Loeser* appeared for the defendants, and obtained a rule to shew cause why the judgment and inquisition should not be set aside. In October, 1828, upon hearing the testimony, the court discharged the rule, and entered judgment on the inquisition.

The substance of the testimony was, that the next day after the judgment was entered, Mr. *Bannan*, the plaintiff's attorney, gave notice to the defendants that judgment had been entered, at which they expressed their surprise, and said that Mr. *Loeser* had been employed by them to make defence: The next day Mr. *Loeser* called on Mr. *Bannan*, and requested him to open the judgment, which he refused to do, but told Mr. *Loeser* he might ask the court to set it aside. At the next court after this conversation, Mr. *Loeser* said to Mr. *Bannan*, that he was prepared to make a motion to have the judgment opened, but he had concluded that he would not, as his clients would derive an advantage from the judgment, in another action which was pending, in which his clients were interested.

Errors assigned. 1. The court erred in rendering judgment against the defendants by default, after they had both appeared in their proper persons.

2. The court erred in refusing to set aside the judgment and inquisition.

3. The court erred in rendering final judgment on the inquisition.

4. The interlocutory judgment entered on the 28th September, 1827, is uncertain and void, and is no foundation for a writ of inquiry of damages.

*Loeser*, for plaintiff in error. This is a judgment by default of appearance, entered in vacation on *the same* day the declaration was filed, when there was, in fact, an appearance by the defendants. The agreement by which the action was instituted was an appearance, and the defendants were entitled to notice of any further proceeding.

*Bannan* for defendant in error. The agreement amounts to nothing more than a waiver of the writ of summons, whereby that expense might be saved, the words are "and we agree that the same proceedings be had thereon, as though we had been regularly *summoned.*"

The judgment was not void, and if it is irregular, the party must take the earliest opportunity to have the error corrected.

(Neil Crosby and Patrick Crosby, *v.* Lydia Massey and others.)

Here the defendants knew of the judgment the next day after it was entered; at the next term their attorney refused to make the application to have the judgment opened, and did not make it until after two terms had elapsed, and the plaintiffs had been put to the expense of executing a writ of inquiry of damages. This is an acquiescence which concludes the defendants. 1 *Penn. Prac.* 92. *Morrison* v. *Wetherill,* 8 *Serg. & Rawle,* 502. *Tidd's Prac.* 434, 507. 2 *Arch. Prac.* 201. *Cochran* v. *Parker,* 6 *Serg. & Rawle,* 549.

*Buchanan,* in reply. The judgment being erroneous, the attorney of the party had no power to release the errors: and much less should his loose declarations be so construed as to conclude the defendants. By a rule of the court of Schuylkill county, " no parol agreement between attorneys is binding."

The judgment by default was interlocutory, upon which no writ of error would lie, until the writ of inquiry was executed; the defendants, therefore, have taken the earliest opportunity, and the mode pointed out by law to correct an erroneous judgment: they have not acquiesced. In the case of *Ranck* v. *Becker,* 12 *Serg. & Rawle,* 412, this court reversed the judgment entered upon an award of arbitrators, although the party had entered bail for the stay of execution.

The opinion of the court was delivered by

Huston, J., (who stated the facts of the case.)—It has been contended here, that the judgment was irregularly signed, was erroneous, that defendants had a right to wait till final judgment on the inquisition, and if the inquest awarded a small sum, acquiesce; if a large one, take a writ of error and reverse it.

Perhaps there was a time when such was the law, but much of what was once the subject of a writ of error in England, or of *audita querila* is now relieved from on motion, and I doubt whether any counsel, would venture to argue a writ of error in England, in such a case as the present. The time and manner of filing a *narr,* of appearing and pleading by defendant, and of signing judgment for want of a plea, &c. are matters of practice regulated by rules of court, and the practice of the court, and irregularities in any of these respects are universally remedied by applications to the court, whose rules or practice is supposed to have been violated. *Tidd's Prac.* 434, 8 *Serg. & Rawle,* 502. One universal rule is, that the person complaining of any irregularity, must apply for redress as soon as he knows of the injury. In no court is he allowed to lie by, conceal his complaint, subject the other party to delay, expense, and perhaps total loss, and after all this, to obtain redress for a mistake, of which he had full knowledge as soon as it was committed.

The complaint here is, that the entry of the amicable suit, was in effect, an appearance by the defendants and they were entitled

(Neil Crosby and Patrick Crosby, *v.* Lydia Massey and others.)

to a rule to plead. The plaintiffs contend, it in fact only amounted to an acknowledgment of service of writ, but not to an appearance.

I think, the plaintiff was wrong, that the judgment was irregular and would have been, or ought to have been set aside, if the application had been made at the next term. The plaintiff's attorney seems to have thought so. It was not made at the next nor even the second term. If we reverse here, we take from the Common Pleas all power of regulating their own practice, all controul over counsel, and causes in their court; we assume the controul and supervision of every rule in every cause in the State; and all this, not to effect justice, but to restore an obsolete practice of disregarding right and justice, and deciding every cause according to the strict accuracy and accumen of the pleader.

I repeat, what has been often said, that the several Courts of Common Pleas, have a right to make their own rules, and regulate their own practice. It is possible, a rule of court may be contrary to an act of assembly, and illegal. I don't say, we will not in any case reverse for a practice under such a rule. The rules and practice followed in this case, are salutary and wise, and the decision of the court on these rules, right. I am not sure, that such a decision as that complained of in this case, depending on several rules of court, and the practice under them, and where the facts were brought before the court on affidavit, is the subject of a writ of error. I do not say, however, that we will not in any case reconsider a case so brought before us. In the present case, the judgment of the court below is affirmed.

Judgment affirmed.