## Nice *against* Bowman.

It is the settled practice, under the act of the 20th of March 1724, to enter a judgment at any time after the return day of the writ, if there be no appearance by the defendant, although the declaration has not been filed five days before the return day.

A paper signed by two persons, acknowledging themselves to be bound to the plaintiff in a certain sum, as special bail for the defendant, which is merely filed without being taken by a judge or commissioner of bail, is utterly void as a recognizance of special bail.

The opening of a judgment and letting a party into a defence, is discretionary with the court, and a refusal to do so is not a subject of error.

Proceedings upon a *fieri facias* will not be reviewed upon a writ of error to the judgment only.

ERROR to the common pleas of *Berks* county.

This was an action of debt upon a bail bond, by Henry Bow-

[Nice v. Bowman.]

man, for Jacob George, against David Nice, John Roth, and Charles Rhodes.

The writ was returnable to November term, 1835. The declaration was filed on the 11th of April 1836, and on the same day judgment was signed, and a *fieri facias* issued. On the 7th of November 1836, the court granted a rule to show cause why all the proceedings in the case should not be set aside, upon the payment of costs of the suit, and the defendant confessing judgment in the original. Upon the hearing of this rule, the defendant gave in evidence the following paper, which had been filed among the papers in the original action against David Nice, on the 2d of October 1835, before payment had been signed.

" We, John Roth and Charles Rhodes, acknowledge ourselves to be held and firmly bound unto the plaintiff, in the above stated case, in the sum of 600 dollars, as special bail for the defendant in the above stated suit."

On the 13th of August 1835, David Nice was discharged as an insolvent debtor.

The court below (Banks, president) discharged the rule, whereupon this writ of error was sued out, and the following errors assigned.

1. The court erred in entering judgment for default of the defendants' appearance; no declaration being filed until the 11th of April 1836; nor then, a declaration on which judgment by default could be founded in this case.

2. The court erred in discharging the rule to show cause why the judgment should not be opened and proceedings set aside.

3. The court erred in refusing to enter an *exoneretur* on the bail bond upon which the suit was brought, special bail having been entered in the original case before this suit was instituted.

4. The court erred in refusing to enter an *exoneretur* on the bail bond, upon the production of the discharge of David Nice, under the insolvent laws.

5. There was also error, in issuing a *fieri facias* before a writ of inquiry had.

*Alricks* and *Johnston,* for plaintiff in error, cited 2 *Serg. & Rawle* 284; 2 *Yeates* 388; 1 *Penn. Rep.* 148; 5 *Watts* 336.

*Strong,* contra, cited 8 *Serg. & Rawle* 502.

The opinion of the Court was delivered by

Rogers, J.—This was a proceeding under the act of the 20th of March 1724, which regulates the practice on writs of summons, and arrest, and which provides that if the defendant in the writ does not appear, at the return day thereof, but makes default, and the officer to whom the writ was directed certifies to the court

upon oath or affirmation, that on or before the return day, &c., he summoned the defendant, &c., or left notice in writing at the house of defendant, &c.   Upon which return, if the defendant has been so served ten days, and the plaintiff has filed his declaration in the office, five days before the court to which such writ is returnable, it shall be lawful for the plaintiff to file a common appearance for the defendant so making default, and proceed to judgment, and execution, by *nihil dicit*.   It appears, that the summons was duly served, but the declaration was not filed within the five days before the court to which the writ was returnable.   The suit was summons or debt on bond, returnable to the November term of 1835, and the declaration was filed on the 11th of April 1836, and on the same day judgment was entered for default of appearance.  It is very clear, that the directions of the writ have not been pursued; for, the declaration, instead of being filed five days before the return day, was not filed until the succeeding term; and if the question were a new one, we should have great difficulty in supporting the judgment.   But time has not been considered material, as was decided in Morrison *v.* Wetheral, 8 *Serg. & Rawle* 502. There the broad question was decided, that a judgment by default, under the act of the 20th of March 1724, was good when a declaration has been filed, and the defendant has not appeared, though the declaration was not filed five days before the return of the writ. The declaration was filed two days before the return, but whether filed before or after the return, can make no difference in the principle.   It has not been the practice, says Justice Duncan, in delivering the opinion of the court, to enter an appearance for the defendant and take judgment by *nihil dicit*, but to enter judgment by default.   Nor has it been usual to file declarations before the return of the writ, but to take judgment after the declaration is filed and the defendant has made default by not appearing.   When there has been a practice for more than half a century, it would be unjust to return to the strict letter of the law, and say that all has been error during that period.   It would be still more unjust to alter the practice after it has been sanctioned by a decision of the court.

But it is said, that special bail was entered before the suit was commenced on the bail bond, and after special bail in the original action was entered, and the judgment cannot, therefore, be sustained.   Union Bank *v.* Haft, 2 *Serg. & Rawle* 284.   But was special bail entered?   The paper which was filed among the records of the original suit, does not possess any one of the requisites of special bail.   Bail above, or bail to the action, must be put in either in open court, or before one of the judges thereof, or else before a commissioner appointed for that purpose. · We do not know by whom this bail was taken, but the probability is, it was taken before a justice of the peace, and transmitted, and filed among the

records without the sanction of the court or any of the judges. The court were, therefore, right in treating it as a nullity and signing judgment by default.

The objections, that the court erred in discharging the rule to show cause why the judgment should not be opened and proceedings set aside, and in refusing to enter an *exoneretur* on the bail bond, upon the production of the discharge of David Nice, under the insolvent laws, have not been sustained. These were matters which rested in the sound discretion of the court of common pleas, and cannot be assigned for error in this court.

The last error, in issuing a *fieri facias* before a writ of inquiry had, is not before us, the writ of error bringing up the judgment only and not the execution.

Judgment affirmed.