## White *et al. versus* Leeds for use.

1. Where judgment has been entered for want of a sufficient affidavit of defence and the record shows it to be regular according to the Act of Assembly, a motion to take it off is to the discretion of the court below, and is not the subject of a writ of error.

2. The affidavits to ground the motion, and the opinion of the court below, are no part of the record; that court has power to open such judgment if, in their opinion, it will further the cause of justice.

Error to the Court of Common Pleas of *Indiana county.*

In the court below this was an action of debt, by Alexander S. Leeds for the use of W. C. Kingsley against Alexander M. White and Benjamin F. Ruff, on two sealed notes for $2000 each. There had been a previous suit between the same parties for the same cause of action, in which on trial, April 5th 1864, the plaintiff suffered a nonsuit.

The writ in this case issued July 29th 1864, returnable the first Monday in September, and on the day of its issue was served on White, and returned "*nihil*" as to Ruff. On August 1st declaration and copy of notes and endorsements were filed.

A general appearance for defendants was entered by Hon. Thomas White, the time of which did not appear by the record. On September 26th judgment was taken for want of affidavit of defence for $5872.66.

By an Act of Assembly, relating to Indiana and other counties, the plaintiff, having filed a copy of the instrument on which the action has been brought, before the return day of the writ, may take judgment by default on the third Saturday after the return day, "unless the defendants shall have previously filed an affidavit of defence, setting forth the nature and character of the same." The act further provides, that the affidavits may be made by the agent or attorney of either party, "if such agent or attorney is personally acquainted with the facts necessary to make out the claim or defence."

In this case, September 24th was the third Saturday after the return day.

On September 26th, after judgment had been entered, Mr. White, of counsel with defendants, moved to take off the judgment and to stay proceedings until the costs of the former action be paid.

The motion was grounded upon two affidavits of Mr. White: one, that he was defendants' counsel in the former case; "that from the testimony adduced upon that trial, and his knowledge of what the witnesses would testify, he firmly believes that the defendants have a just and full defence to the plaintiff's claim in the present action;" and then set out the defence. The other affidavit set out, that White the defendant was on a short visit to

[White *v.* Leeds.]

Indiana, and as he was about to leave in the cars the sheriff served the writ, and he handed it to the deponent to attend to it; that deponent thought it was returnable September 26th; that the defendant resided in Baltimore, and had not been in Indiana county since; that deponent had no opportunity for consulting with Ruff, the other defendant.

October 1st, Mr. White filed another affidavit, that he had believed that the defendants had until the following term to file an affidavit of defence; that he did not recollect having read the Act of Assembly under which judgment was taken, and that he was under the impression that the writ was returnable " at the present term," not having examined the contents of the writ, &c.

The court below refused to take off the judgment; and the case was thereupon removed to this court.

*White* and *Foster*, for plaintiffs in error.—It was merely by mistake or neglect of counsel that the affidavit was not filed in time. The motion to take it off was made at the earliest moment, and no trial was lost.

Acts and rules of this kind should not be extended, even if within the letter, beyond the spirit and reason of the law: Burkhart *v.* Parker, 6 W. & S. And if judgment be suffered for any excusable reason before a trial be lost and the *laches* were explained, upon affidavit of a good defence the judgment should be opened on equitable terms: Wilson *v.* Hays, 6 Harris 357. So, where the attorney swore he was ignorant of the rule : Sterling *v.* Ritchie, 17 S. & R. 264; Russell *v.* Ball, 3 Johns. Rep. 91. And where defendant who employed no attorney swore to merits and no trial was lost: Davenport *v.* Ferris, 6 Johns. Rep. 132; Gardiner *v.* Crocker, 3 Caines's Cases 139; Barbie *v.* Davis, 1 Miles 118; Blackwood *v.* Finley, cited in 1 T. & H. 573; Sheerer *v.* Adams, Id. note, 1 Tidd's Pr. 507–8.

The act was to do away with arbitrations where there is no defence, and apprise plaintiff of the defence. The case had been tried before, and an affidavit of defence would be no benefit to plaintiff: Lusk *v.* Garrott, 6 W. & S. 89; Gregg *v.* Meeker, 4 Binn. 430. · The affidavit was not from knowledge derived by the counsel from his client, but from other sources, from which he " *firmly* believed :" Thompson *v.* White, 4 S. & R. 135. The attorney is sometimes the most proper person to make the affidavit : Anderson *v.* Fitler, 3 S. & R. 2. The facts having been before testified to he could judge better than the client: West *v.* Simmons, 2 Wh. 261.

*H. W. Weir* and *Stewart & Clark*, for defendant in error.—The general appearance by Judge White was a waiver by Ruff of service : Scott *v.* Israel, 2 Binn. 145 ; McCullough *v.* Guetner, 1

[White v. Leeds.]

Id. 214; Hall v. Law, 2 W. & S. 121; Zion Church v. St. Peter's Church, 5 Id. 215; Dewart v. Purdy, 5 Casey 113. The record here shows a regular judgment: the motion is to the discretion of the court. The statute is written law, and all are bound to know it. No error is alleged in the proceedings, and there is no redress in the Supreme Court: Renninger v. Thompson, 6 S. & R. 1; Nice v. Bowman, 6 Watts 26; Kalbach v. Fisher, 1 Rawle 323; Kellog v. Krauser, 14 S. & R. 143–5; Skidmore v. Bradford, 4 Barr 296; Withers v. Haines, 2 Barr 435; McKee v. Sandford, 1 Casey 105. The cases of Bounce et al. v. Wightman, 5 Casey 335, Burkhart v. Price, 6 W. & S. 482, and Wilson v. Hays, 6 Harris 356, do not sustain the plaintiff in error; nor does Sterling v. Ritchie, 17 S. & R. 264.

The opinion of the court was delivered, January 8th 1866, by
READ, J.—The judgment by default for want of an affidavit of defence, was entered in this case in pursuance of the Act of the 11th February 1847, known as the Mercer County Act (Purd. p. 804), which was extended to the county of Indiana by the Act of the 15th April 1858 (Pamph. L. 266). There were fifty-seven days from the service of the writ to the entry of the judgment, and the state of facts from the record presents a regular judgment obtained in accordance with the Acts of Assembly, and it was not asked to be set aside for any irregularity. This was a final judgment: Sellers v. Burk, 11 Wright 344; and a motion to open it, or to take it off, was addressed to the sound discretion of the court below, and is not the subject of a writ of error. In Kalbach v. Fisher, 1 Rawle 323, Judge Rogers says: "There are many cases in which writs of error do not lie from the decisions of the Courts of Common Pleas, such as granting or refusing a new trial, opening or refusing to open a judgment, and motions of various kinds in which parol evidence is heard without placing it on the record;" and such is the uniform course of our decisions: Kellogg v. Kramer, 14 S. & R. 144; Skidmore v. Bradford, 4 Barr 296; Nice v. Bowman, 6 Watts 26; McKees v. Sanford, 1 Casey 105; Bounce et al. v. Wightman, 5 Id. 335. And in Withers v. Haines, 2 Barr 435, both points raised here were decided.

The affidavits and the opinion of the court are therefore not before us, not forming any part of the record. The court below are the proper judges of the opening of a judgment for want of an affidavit of defence, and they clearly have the power to do it, where it would, in their opinion, further the cause of justice.

Judgment affirmed.