1810.

*Philadelphia,*
*Saturday,*
March 31.

FITZSIMONS administrator of H. SALOMON *against*
E. SALOMON.

IN ERROR.

If a judgment for want of an appearance is entered against an administrator, and it appears by the *præcipe* that there were not ten days between the summons and return day, the judgment is erroneous.

The *præcipe* for the original writ is a part of the record, and should regularly be sent up with the process and pleadings, upon a writ of error.

The plaintiff may proceed against an executor by *capias* to compel an appearance; but if he elects to proceed by *summons,* then, in order to entitle himself to judgment by *nil dicit,* he must pursue the act of 20th *March* 1724-5, as if the suit were against a freeholder.

2 B 436
e215 ²491

THIS was a writ of error to the Common Pleas of *Phi-ladelphia* county, upon which the general errors were assigned. Plea, *in nullo est erratum.*

The action was instituted by *summons,* against *Thomas Fitzsimons* and *Rachel Heilbron* administrators of *Haym Salomon,* upon a promissory note drawn by the intestate's agent, and indorsed to *Ezekiel Salomon,* the plaintiff below.

The *summons* was issued to *March* term 1807, and returned by the sheriff " copy left at the dwelling house of " *Thomas Fitzsimons,* and *nil habet* as to *Rachel Heilbron,*" but without mentioning the *day of service. March* term 1807 commenced on the *second* of *March;* and on the 20th, the plaintiff's attorney filed his declaration, and signed judgment for want of an appearance.

The record not setting forth the date of the service, nor the time when the summons issued, the plaintiff in error, after issue, alleged diminution of the record, and prayed a *certiorari* to bring up the *præcipe,* which was granted, and the *præcipe* was returned, dated the 24th of *February* 1807.

Several exceptions were taken to the judgment. 1. That a summons was not the proper process against executors or administrators. 2. That there were not ten days between the issuing of the summons and the return. 3. That the time of service was not mentioned in the return. 4. That the declaration was not filed five days before the return. 5. That the judgment was not entered on the return day. 6. That a common appearance was not entered before the judgment. 7. That judgment was entered for want of appearance, instead of by *nil dicit.*

*Phillips, Meredith,* and *Ingersoll* for the plaintiff in error. The material exceptions are the 1st, 2d, and 6th. The regular process against executors is a *capias* to compel a common

appearance. The act of the 20th *March* 1724-5, 1 *St. Laws* 224, which devises the writ of summons, is confined to freeholders only, and the plaintiff cannot proceed under that act, against any but freeholders. But if executors, either by practice or a liberal construction, come within the act, then its directions must be strictly pursued. The act is express, that the day of the service must be mentioned by the sheriff, that the writ must be served *ten days before the return*, that the declaration must be filed five days before the return, and that, these things being complied with, if the defendant makes default, the plaintiff may enter a common appearance for him, and proceed to judgment by *nil dicit*. There is no such thing known to this act as a judgment for want of an appearance. Setting aside then other objections, the want of ten days between the service and the return day is a fundamental error. The plaintiff below is bound to bring his case within some act, for otherwise he stands at common law, by which there cannot be a judgment against the defendant until he has been in court. The statute 8' and 9 *W.* 3. *c.* 25, was made to remedy this defect by imposing a penalty upon the defendant for not appearing; and it was at last cured by the 12 *Geo.* 1. *c.* 29, in the same year with our act, authorizing the plaintiff to enter an appearance for the defendant. The plaintiff has but three modes of proceeding by summons, either under the act of 1724, or at common law, or under the act of 21st *March* 1806, which authorises judgment only at the second term; 7 *St. Laws* 562; but he has pursued neither.

*Browne* and *Rawle* for the defendant in error, contended, that the want of a proper interval between the summons and return, did not appear on the record, because the *præcipe* was not a part of the record. It is a direction by the attorney to the prothonotary, which may be altogether dispensed with, and supplied by a verbal order; it therefore takes the place of a verbal order, and cannot be set up to contradict the record. It has been brought up too, after *in nullo est erratum*, when regularly no diminution can be alleged, although the court may award a *certiorari* to inform their conscience. *Noy* 83. But this they will do only to amend the record, but not to reverse the judgment. *Cas. Temp. Hardw.* 118. Granting however, that the *præcipe* is a part of the record,

the objection to the want of ten days' service, goes merely to the regularity of process, to the propriety of the service, which cannot be assigned for error, even after judgment by default. 5 *Com. Dig.* 717. *Pleader* 3 *B.* 16. And as to the other exceptions, they are either contrary to the record, or they are matter of which the defendant might have taken advantage below. But the fact is, the proceeding in this case was not under the act of 1724. It was under an established practice of issuing a summons against executors, and of taking judgment for want of an appearance after four days' service.

In *reply* it was said, that the *præcipe* had repeatedly been treated as a part of the record, to ascertain the commencement of the suit, to amend by &c.; and that the objection to the *certiorari* after issue was now too late, as it had already been returned. But that it was not law, that the court would not issue a *certiorari ad informandam*, for the purpose of reversing a judgment, the authorities cited in 2 *Bac. Abr.* 469. *Error E,* being expressly to the contrary. The authority upon which *Comyns* relied, to prove that a defect in the service of a summons could not be assigned for error after judgment by default, did not support him. *Doderidge* held the other opinion, and the case went off upon a division of the court. *Salkeld* v. *Howard* (a). As to the practice referred to, if it existed, it had not the sanction either of the legislature or the court.

TILGHMAN C. J. The plaintiff in error in this case, has assigned a number of errors. I shall confine my opinion to one, viz. that there were only five days between the issuing and return of the summons. It does not appear, on the face of the summons, at what time it issued, nor does the return of the sheriff shew, on what day it was served. In order to ascertain the matter, the plaintiff in error alleged diminution; and a *certiorari* having issued from this court, the *præcipe* has been brought up, by which it is evident, that there were but five days between the issuing and return of the summons. But it is objected by the defendant in error, that we can take

(a) *Cro. Jac.* 547.

1810.

FITZSIMONS
v.
SALOMON.

no notice of the *præcipe*, it being no part of the record. If the day of issuing the summons is a material fact, and there is evidence of this fact among the papers filed of record, in the office of the prothonotary of the Court of Common Pleas, it would be extraordinary if this court were debarred from looking at these papers. I consider the *præcipe* as part of the record. It is the foundation of all the proceedings, being the order of the plaintiff's attorney for issuing the first process. That it is part of the record, is manifest, from this, that the court may order an amendment of the summons, according to the *præcipe*. Some confusion concerning writs of error, has arisen from the different practice in the courts of *England* and those of this country. In *England* the writ of error is directed to the Chief Justice alone, and consequently the return is made in the first instance by him only. His clerk has not the custody of the different writs, which have been issued in the course of the cause; and therefore he returns only the plea-roll, consisting of the pleadings, the verdict, and the judgment. The plaintiff in error, if he intends to assign error in any matter not appearing in the body of the record returned by the Chief Justice, is obliged to allege diminution in the particular part, in which the error lies, whereupon a *certiorari* issues to the officer who has the custody of that part, and on his sending it up, it becomes part of the record in the superior court. Our practice is different. The Chief Justice of this court, or the president of the Court of Common Pleas has not the keeping of any part of the record. The whole is in the custody of the prothonotary of each court. Writs of error, therefore, are not directed to the Chief Justice, or the president, but to the whole court. Consequently there can be no objection to returning the whole record, including the *præcipe* and every part of the process, at once. This will prevent the delay, arising from the necessity of issuing a writ of *certiorari* when diminution is alleged, and I hope that in future, this mode of making the return will be adopted.

The next consideration is, whether the want of ten days between the issuing and return of the summons, is error. It is presumed, that the practice of issuing a summons against executors and administrators, has arisen from a very liberal construction of the act of 20th *March* 1724-5. This act does not expressly extend to executors, but in its terms is confined

1810.

FITZSIMONS
*v.*
SALOMON.

to freeholders, who, except in certain cases, are exempted from arrests, and are to be proceeded against by summons. In case of nonappearance after summons, provided it has been served on the defendant ten days before the court, the plaintiff is authorised to file a common appearance for the defendant, and proceed to judgment by *nil dicit.* It was decided by the late Chief Justice *Shippen,* when president of the Court of Common Pleas, in the case of *Mary Penrose* v. *Jonathan Penrose* &c. executors of *Joseph Penrose,* (*June* 1786) that the plaintiff may still proceed by *capias* against an executor. But granting, for sake of the argument, that he may proceed by summons at his election, he must take this process subject to the provisions in the act above mentioned; he shall not be entitled to a judgment by default, unless the summons has been served ten days before the return day. No reason can be assigned for distinguishing the case of an executor from that of a freeholder. It has been said indeed, that a practice has prevailed of taking judgment by default, against executors, after service of the summons four days before the court. But that practice has been by no means general. The court has never sanctioned it by any decision; and to a practice *sub silentio,* without any law to support it, we ought not to pay much regard. I am of opinion that the judgment is erroneous, and should be reversed.

YEATES J. and BRACKENRIDGE J. of the same opinion.

Judgment reversed.