*Court of Common Pleas, Dauphin County, March 11th,* 1857.

### HATFIELD *v.* SWILER.

A summons must be issued at least ten days before it is returnable.

BY THE COURT.—Under the act of the 20th March, 1724–5,
it was decided by the Supreme Court in Fitzsummons, adminis-
trator of Salomon, *v.* Salomon, 2 Binn. 436, that there must be at
least ten days between the issuing and return of every summons,
else the judgment entered upon it will be set aside.   That decision
was made in 1810.   From that time until the change of the law
in 1836, it may be safely said that the practice in Pennsylvania
was universal never to issue a summons, unless there was ten days
between the time it was ordered, and the first day of the term to
which it was returnable.   Some inconvenience was felt by those
desirous of commencing actions against freeholders, who could not
lawfully be arrested by a writ of capias, and hence arose the prac-
tice of issuing such writ, and directing that the defendant should
not be held to bail.   Even that was not lawful, as the freeholder
could not legally be arrested, though not held to bail, and might
refuse to appear to such writ.   The commissioners who framed the
civil code desired to remedy this inconvenience, as appears from
their report made to the legislature (Parke & Johnson's Digest,
p. 805–6 and 7), and for that purpose in the 31 sec. of the act of
the 13th of June, 1836, enacted that in case there should not be
ten days between the issuing of a summons and the first day of the
term to which it is returnable, the writ may be made returnable
the next day preceding the last day of such term, or upon the first
day of the second term next after the issuing of the writ.   They
thus provided for every possible case which could occur.   Where
the term lasted but one week, which is the case in a majority of
the counties in the State, the writ could be made returnable on
Friday succeeding the regular return day; and where the plain-
tiff desired to commence his action within ten days preceding such
second return day, he could make his writ returnable on the first
day of the succeeding term; thus passing over a regular return
day, which could never have been lawfully done before the pas-
sage of that act.

If the summons was served ten days before the return day, it

[Hatfield *v.* Swiler.]

was provided that judgment might be taken for default of appearance on such day as the court by its practice might direct, generally on the fourth day thereafter, and it was enacted in the 34th section, that if the writ was not *served* ten days before the return day thereof, it should be lawful for the plaintiff to take judgment after the expiration of ten days from the time of service, etc. It has been contended that under this section the plaintiff may issue his writ at any time returnable on the first day of the term, and the same is valid, provided he gives the defendant ten days to appear after service. If such was the intention of the law-makers, why were they at the trouble of providing for a second return day, where the writ issued within ten days preceding the first? or where the time was insufficient before that day transpired, making it returnable on the first day of the second term?

We can readily understand their reason for declaring that where the *service* was not ten days before the return day, the defendant should have the additional time to appear, as the pressing business of the sheriff would often unavoidably retard the service of the writ, and sometimes it might be difficult to find the defendant. But the plaintiff could always know the time which must intervene between filing his præcipe and the return day, and give his instructions accordingly. All of these directions as to the second return day, and making the writ returnable on the first day of the succeeding term, are useless, if under the 34th section it may issue at any time, without regard to the number of days which are to intervene before the return day, and judgment be taken after ten days' service.

In addition to the plain words of the act in this case, we have a clue to the legislative intentions in the report of the commissioners who framed the code. Those gentlemen saw the inconvenience under the former law, and provided a remedy, which was distinctly pointed out in their report made to the legislature accompanying the bill. It is there declared that they have provided for the second return day, and the return of the writ on the first day of the succeeding term by the 33d section (here numbered 31 by two prior sections of the bill having been stricken out), and for the judgment by default after ten days' *service*, although there should not be ten days between the *service* and return day.

This portion of the act has never received a construction from the Supreme Court of the State, and we are probably now called upon to construe it for the first time; for we are disposed to consider the decisions of the District Court for the City and County of Philadelphia, as having relation to the system of monthly return days, peculiar to that city, and one or two other counties.

If the intention of that court was to give a general construction to the sections under consideration, however high our respect might be for the learned tribunal from which the decision emanated, we

must take the liberty to differ from it, and construe the law with reference to the former statute, the inconvenience felt under it, the remedy provided by the existing law, and the intention of its framers as set forth in their report. Our opinion is, that the writ issued in this case is not in conformity to law, and however technical the objection it must be set aside. It is ordered that the writ be quashed.

AFFIRMED BY THE SUPREME COURT. 4 Casey, 522.

*Rawn, for plaintiff.*

*Briggs, for defendant.*