# Macavicza v. Workingman's Club, Appellant.

*Corporations—Mutual benefit associations—Members—By-laws —Violation of by-laws—Nonpayment of fine—Expulsion without notice—Mandamus—Answer—Insufficient answer.*

1. A legal member of a corporation can not be expelled without notice, for the nonpayment of arrearages; without an express power in the charter, no man can be disfranchised unless he has been guilty of some offense which either affects the good government of the corporation or which is indictable by the law of the land. Even when allowed by the charter, there must be some act by the corporation declaring expulsion, and this can not be done without a vote of expulsion after notice to the member supposed to be in default.

2. In mandamus proceedings for the re-instatement of a member of a corporation who had been removed for nonpayment of fines, an answer which failed to plead that the power of summary expulsion from membership was conferred by the charter was defective as the existence of such power was not to be presumed, and could not be created by a by-law.

3. In a proceeding by a member of an incorporated mutual benefit association for a mandamus to compel his reinstatement as a member of the corporation, from which he alleged he had been unlawfully removed, an answer is insufficient on demurrer which avers that the expulsion complained of was on the ground that the petitioner had not paid a fine but does not aver that the society was authorized by its charter to expel members for nonpayment of fines, and it is not averred and does not appear that the petitioner was given notice of the act of expulsion.

Argued April 13, 1914. Appeal, No. 158, Jan. T., 1913, by defendants, from judgment of C. P. Luzerne Co., Dec. T., 1912, No. 11, awarding mandamus in case of

Jurgis Macavicza, known as George Mascavage v. The Workingman's Club of Plymouth, Pa., Anthony Stuscavage, President, Peter Baranauckas, Financial Secretary, Geo. Metelinas, Treasurer, William Senda, Recording Secretary, and Simon Krutulis and William Murinas, Trustees.   Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Bill in equity for an injunction.   Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

The defendant demurred to the bill on the ground that equity had no jurisdiction.   The court sustained the demurrer and certified the cause to the law side at the cost of the plaintiff and ordered that upon payment of costs, the bill should stand as a petition for a mandamus. The defendant filed an answer, to which the plaintiff demurred.   The court sustained the demurrer and entered judgment for the plaintiff.   The defendant appealed.

*Error assigned* was the judgment of the court.

*Abram Salzburg,* with him *Harry Heller Weintraub,* for appellants.

*William H. McCartney,* with him *W. Alfred Valentine,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1914:

This appeal is from a decree sustaining a demurrer to the answer filed in a mandamus proceeding.   The pleadings in the case on either side are open to just criticism; they are not only lacking in precision and definiteness of statement, but the averments of fact in each are so partial and inadequate that the real merits of the case are necessarily more or less obscured.   This should never be, least of all in a proceeding of this character.   The real subject of plaintiff's complaint is that he was unlawfully expelled from membership in the Workingman's Club of

Plymouth, an incorporated mutual benefit association, and yet there is nowhere in his petition a distinct and separate averment of such expulsion, nor is there any averment as to how, when and for what alleged offense his expulsion was ordered. The answer admits the expulsion, but it is quite as indefinite with respect to matters which led up to it and which are set up by way of justification. As a result, we have the learned chancellor in the court below ruling the case on grounds urged on one side and the other in the argument, but which in our judgment had little or nothing to do with the case. The only question in the case was whether the answer, accepted as true, justified the expulsion. This inquiry cannot be proceeded with except as we are informed by the answer as to the ground of the expulsion. The learned chancellor in his opinion says,

"the bill alleged that because the plaintiff brought suit for slander against another member, the society, without proceeding formally, expelled him,"
and assuming that the answer set up no other reason he sustained a demurrer on the ground indicated. We find no such averment in plaintiff's bill; inferentially such conclusion might be derived from the bill, but with equal certainty another and opposing conclusion might well be derived. We only refer to the fact as showing the vagueness and indefiniteness of the plaintiff's bill.

The grounds of demurrer as stated by the learned chancellor in his opinion were, (1) that the by-law for the breach of which plaintiff was expelled, and which prevents a member of the society from pursuing in the civil tribunals of the State the remedies provided for the protection of his reputation or property, is unreasonable and will not be enforced; (2) that no copy of the charge was ever served upon plaintiff, no time was fixed for the trial, no evidence was taken; and (3) that the society had no power to name the entire court upon the refusal of plaintiff to name three members thereof. It was on these grounds that the demurrer was sustained.

It is quite evident that these reasons were all based on a mistaken assumption of fact not derived from the answer, but, most likely, from the plaintiff's petition, viz, that plaintiff was expelled because of the breach of a particular by-law which provides that

"all misunderstandings in society shall be tried by the society's tribunal, and only with the consent of the society a law suit may be brought in a civil court, except in moral matters."

The one question in the case was, as we have stated, whether the answer, accepted as true, disclosed facts which justified plaintiff's expulsion. The answer nowhere alleges that plaintiff was expelled because of violation of the by-law above referred to, but on the contrary puts his expulsion distinctly and expressly upon nonpayment of fine and dues. Upon plaintiff's own showing he recognized the binding obligation of the by-law, and first asked the consent of the society to bring his action at law. The answer asserts that consent was refused; that notwithstanding plaintiff commenced his action at law against several members; that thereupon the society appointed a committee to consider his conduct in this regard and dispose of the charges based thereon. At a succeeding meeting of the society, at which plaintiff was present, this committee reported that plaintiff had violated the by-law of the society in bringing suit without the consent of the society, and recommended that he be fined in the sum of four and fifty one-hundredths ($4.50) dollars, and that he be deprived of his voice in the lodge until the fine should stand paid; that thereupon plaintiff withdrew from the meeting, and that shortly thereafter he sent his check to the society for the amount of his fine and his dues; that at the next following meeting of the society it was decided to return plaintiff his checks and demand payment in cash; that the checks were so returned the same evening and demand was made for cash payment; that the demand was refused; and that upon this being

refused on the same evening it was voted to expel the plaintiff, 18th August, 1912. So it is clear from the answer that while plaintiff's violation of the by-law in the society was an antecedent, it was not for that he was expelled. The penalty imposed for that offense was simply a fine, and a fine too the legality of which was admitted by the plaintiff when he sent his check in payment, and which had it been paid would have ended the controversy. The fact that he had written on the check "Paid fine under protest" qualified in no way this admission. So as the case stood on the demurrer there was but a single question for adjudication; admitting the right in the society to expel for nonpayment of fine, was the expulsion effected with due regard to plaintiff's right? Following immediately upon the report of the committee charged with the duty of returning plaintiff's checks that plaintiff refused their demand for a cash payment, the society, without notice to the plaintiff, so far as appears in the answer, voted his expulsion. If any such power of summary amotion from membership is conferred by the charter it should have been pleaded; its existence is not to be assumed and a mere by-law could not confer it. We have repeatedly held that a legal member of a corporation cannot be expelled without notice for the nonpayment of arrearages. Reference need only be made to the cases of Com. v. Beneficial Association, 2 S. & R. 141; Com. v. The German Society, 15 Pa. 251; Diligent Fire Co. v. Com., 75 Pa. 291. The principle is thus stated in Com. v. St. Patrick Benevolent Society, 2 Bin. 440.

"Without an express power in the charter no man can be disfranchised unless he has been guilty of some offense which either affects the interest of good government of the corporation, or is indictable by the law of the land."

And even when allowed by the charter there must be some act by the society, declaring the expulsion, and this cannot be without a vote of expulsion, after no-

tice to the member supposed to be in default. Com. v. Beneficial Society, 2 S. & R. 141.

For the reason that plaintiff's expulsion was voted without notice to him we hold the defendant's answer insufficient, and that a peremptory mandamus should issue, and it is so ordered. We refrain from discussing the other questions raised and argued because we deem them irrelevant. The appeal is dismissed at cost of appellant.