## Markowitz et al. v. St. Mary's Ukrainian Orthodox Church, etc., et al.

*D. M. Garrahan*, for plaintiffs.

*Snyder, Wert & Wilcox*, for defendants.

HENNINGER, P. J., March 29, 1954.—Plaintiffs filed a complaint asking for the issuance of a writ of mandamus compelling defendant corporation and its officers to reinstate plaintiffs to their membership in the corporation.

The complaint avers that these plaintiffs were improperly suspended from membership which, they con-

tend, includes valuable rights, and they quote the notice of suspension from the secretary which reads:

"In accordance with the provisions of Paragraph 10, of Article III, and paragraph 16, of Article IV, of the By-laws of ST. MARY'S UKRAINIAN ORTHODOX CHURCH, Allentown, Pennsylvania, the Congregation did on July 19, 1953, request you to be notified of suspension of membership in said Congregation. This notice is, therefore, given to you accordingly.

"Very truly yours,

"ST. MARY'S UKRAINIAN
ORTHODOX CHURCH

(s)  "Raymond Buckno
Recording Secretary"

Defendants filed preliminary objections: (1) The complaint lacks specificity in that the nature of lost rights is not mentioned; (2) no specification whether congregation and corporation are separate; (3) no allegation of failure on part of corporation to follow its bylaws; (4) no allegation of diocese to which congregation belongs, and (5) by way of demurrer, that no cause of action is alleged, because no allegation of exhaustion of remedies.

We consider the demurrer first because it goes to the heart of the action.

Defendant calls attention to section 2 of the bylaws attached to the complaint which states in part:

". . . this congregation shall belong to the Holy Orthodox Church of the Eastern Rite, and in regard to its administration . . . to the Ukrainian Orthodox Diocese of America."

Citing Merman v. St. Mary's Greek Catholic Church of Nesquehoning, 317 Pa. 33, 36; Tuigg v. Treacy, 104 Pa. 493, 499; German Reformed Church v. Commonwealth ex rel. Seibert, 3 Pa. 282, 291; Schlichter v. Keiter, 156 Pa. 119, 143, and Acri v. Bruscia, 265

Pa. 384, defendants contend that plaintiffs have not exhausted their remedy within the ecclesiastical organization to which they belong and, therefore, their action is premature.

The answer to that contention is that in the present state of the pleadings we cannot say that there is any such remedy. We cannot take judicial notice of the polity of the Holy Ukrainian Orthodox Church or of the diocese in America and in fact we are not cognizant of that polity.

The bylaws do not provide for an appeal and we cannot say that any appeal lies from the order of suspension.

Plaintiffs state in paragraph 19 of the complaint that there is no further remedy and in the absence of denial, we accept that as a fact for the purposes of this opinion.

The language of section 2 of the bylaws above quoted in relation to administration does not put us on notice that the diocese has any authority over the congregation in relation to its membership or any machinery for correcting its errors in that respect. Later sections of the bylaws indicate in fact that the congregation retains its autonomy in many important administrative and ecclesiastical matters.

Otherwise the complaint on its face makes out a good case. The bylaws make no provision for suspension or expulsion, but assuming that that power is inherent in a corporation, plaintiffs were nevertheless entitled to notice of any charges and to an opportunity to defend themselves: Macavicza v. Workingman's Club, 246 Pa. 136, 140; Powanda v. Pido et al., 304 Pa. 42, 48; Slanina v. Greek Catholic Union, 153 Pa. Superior Ct. 298, 300.

If notice perchance was actually given or if it is contended such notice was unnecessary, that also is a matter of defense which must be pleaded.

Plaintiffs have attached a copy of the bylaws to their complaint. This shows the rights of members of the corporation which include the right to worship, the right to a share in the management of the corporation's property and the right of sepulture. Clearly these are sufficiently valuable rights to justify restoration to membership. Furthermore, they have set out these rights in paragraph 18 of the complaint.

The bylaws also indicate that this is an incorporated congregation and therefore the corporation and the congregation are one. There is no indication that any higher ecclesiastical authority has the power to expel or suspend a member or that such authority has done so. That distinguishes this case from Merman v. St. Mary's Greek Catholic Church of Nesquehoning, supra, 38, where excommunication was treated as an accepted fact in the case. At this point there is nothing in this case to show that plaintiffs are not, as prescribed in section 9 of the bylaws, "Any person, male or female, who is of Ukrainian nationality, who agrees to obey these By-Laws and who agrees to fulfill the Christian duties designated by the Church, i. e., to attend the Church services, confess at least once a year and regularly pay his, or her, monthly dues and all other extra Church obligations, which shall be voted at parochial meetings, can be a member of this Church. The monthly dues shall be $1.00 for a family and 50 cents for an unmarried person."

It is immaterial that plaintiffs have not averred that defendants have violated their bylaws. The law relating to corporations, which supersedes bylaws, has been violated if plaintiffs' charges of suspension without hearing are true: Macavicza v. Workingman's Club, supra; Powanda v. Pido et al., supra; Slanina v. Greek Catholic Union, supra.

The bylaws also provide the information as to diocesan affiliation, although at the present state of

the proceedings we consider that fact immaterial. If the privilege of changing diocesan affiliation permitted by section 3 of the bylaws was exercised, defendants can so answer. At this point we assume that the affiliation in section 2 persists.

Now, March 29, 1954, defendants' preliminary objections are dismissed and defendants are ordered to answer over on the merits within 20 days after service of this order upon their counsel.